The Honorable Louis McJunkin State Representative P.O. Box 223 Springdale, AR 72765-0223
Dear Representative McJunkin:
This is in response to your request for an opinion regarding the Arkansas Freedom of Information Act ("FOIA"), which is codified at A.C.A. §25-19-101 et seq. (Repl. 1992 and Supp. 1995). Your question pertains to the report that is made by paramedics and EMT's when the Springdale Fire Department ambulance service responds to an emergency call and picks up and transports a patient to the hospital. You have asked what information contained in the report is subject to disclosure under the FOIA, and specifically regarding the following information:
1. Patient name;
2. Social security number;
3. Address;
4. Incident location;
5. Incident date;
 6. Time of call, time arrived at scene, time departed scene and time arrived at hospital;
7. The chief complaint of the patient;
8. The current medications taken by the patient;
9. Current allergies and medical history of the patient; and
10. Narrative of the incident made by the paramedic.
You have submitted in this regard a computer generated form currently used by the Springdale Fire Department. The form is entitled "City of Springdale Fire Department EMS Prehospital Care Report."
It is my opinion that this record is in all likelihood exempt from public inspection under the "medical records" exemption contained in the FOIA. A.C.A. § 25-19-105(b)(2) (Supp. 1995). Thus, in my opinion, deletion of the patient's name and other identifying information will not render the record disclosable. The "medical records" exemption is mandatory, and the removal of particular information cannot change the record's character as a medical record. See generally Op. Att'y Gen. 91-208 (regarding certain records of patients at the University of Arkansas for Medical Sciences).
The term "medical records" is not defined in the FOIA. This office has previously opined that the term encompasses records which have a relationship to the diagnosis or treatment of a medical condition. See
Ops. Att'y Gen. 91-208 and 89-147. See also Plain Dealer Pub. v. UnitedStates Dept. of Labor, 471 F. Supp. 1023 (D.D.C. 1979) (regarding the federal FOIA exception for "medical files," 5 U.S.C. § 552(b)(6)). Of course, application of the "medical records" exemption requires a case by case determination. The mere fact that a record contains some medical information will not necessarily bring it within the exemption. See,e.g., Op. Att'y Gen. 91-208 (concluding that hospital billing statements that contain medical treatment information are not "medical records"). But where, as presumably is the case in this instance, a report is prepared by medical personnel primarily for diagnostic or treatment purposes, it seems clear that the exemption under § 25-19-105(b)(2) will extend to such a record.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh